IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| MARK DOUGLAS STOKES, ET AL., | § § | |
| Plaintiffs, | § § | |
| VS. | § | NO. 4:10-CV-467-A |
| | § | |
| MICHAEL W. PERRY, ET AL., | § § | |
| Defendants. | § | |

O R D E R

Upon further consideration of the notice of removal filed July 2, 2010, in the above-captioned action, the court concludes that the removing party, defendant Brendetta A. Scott ("Scott"), has failed to properly invoke this court's jurisdiction, and that remand is required.

This case was originally filed in the 96th Judicial District Court of Tarrant County, Texas, by plaintiffs, Mark Douglas Stokes and Melinda K. Stokes. According to the state court records filed with the papers of the court at the time of removal, no citation has issued for any defendant, and none has been served with process, other than Scott.

Scott, as the party invoking federal court removal jurisdiction, bears the burden of establishing that this court has jurisdiction over the claims. Carpenter v. Wichita Falls

Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns. . . ." Carpenter, 44 F.3d at 365 (internal citations omitted). The court, therefore, must strictly construe the removal statute. See id. When, as here, removal is sought under 28 U.S.C. § 1441(b), the right of removal depends on the existence of a claim or claims within the federal question jurisdiction of the court. See id. Remand is proper when there is any doubt as to the existence of federal jurisdiction. Cyr v. Kaiser Found. Health Plan of Texas, 12 F. Supp.2d 556, 565 (N.D. Tex. 1998).

The sole basis on which Scott invokes this court's jurisdiction is the presence of a federal question in the petition, specifically, that the petition asserts causes of action for "mail fraud under 18 U.S.C. § 1341, and violation of the federal RICO Act under 18 U.S.C. § 1962." Notice of Removal at 2. Upon review of the petition, the court finds the sole reference to those statutes in the following paragraph:

> Attorneys for defendants must admit and stipulate to all facts which are not in dispute, per Tarrant County Civil Rule 3.05. Said facts, shown below, are the

> public record evidence of defaults by defendants, wherein defendants, after notice and opportunity, acquiesced, refused to dispute that Defendants are not the Creditor, not the Holder in Due Course of the Note, have attempted to collect without the note using the U.S. Mails, have issued **counterfeit securities**, a breach of 18 U.S.C. §§ 1341 and 1962, **have come to court without clean hands, and are estopped from arguing.**

Notice of Removal, Ex. B-2 at 8 (emphasis in original). Although this paragraph references federal statutes, the court concludes that those slight references fail to assert a federal claim against Scott or any defendant for mail fraud or violation of RICO.

Inasmuch as federal question is the only basis asserted for invoking this court's jurisdiction, and no federal question appears on the face of the petition, the court concludes that it lacks jurisdiction over this action, and that it should be remanded to the state court from which it was removed.

Therefore,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED July 19, 2010.

_____
JOHN McBRYDE
United States District Judge

3